UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  20-cv-24380

RAMSET DOMINGUEZ,

    Plaintiff,

v.

CASCADE CAPITAL, LLC,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, RAMSET DOMINGUEZ ("DOMINGUEZ"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, CASCADE CAPITAL, LLC ("CASCADE"), is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of California with its principal place of business at 1670 Corporate Cir., Suite 202, Petaluma, CA 94954.

5. Defendant is registered with the Florida Department of State, Division of Corporations as a limited liability company. Its registered agent for service of process is Corporation Service Co., 1201 Hays St., Tallahassee, FL 32301.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant is a "debt collector" as defined in the FDCPA.

**FACTUAL ALLEGATIONS**

9. Defendant sought to collect from Plaintiff an alleged deficiency balance on a car note .

10. On or about March 26, 2020, Cascade filed a state court action for breach of contract for an alleged auto deficiency.

11. Dominguez was and continues to be represented by counsel in the state court action.

12. On July 31, 2020, Dominguez filed a Motion to Dismiss Cascade's state court complaint. A copy of the motion is attached as Exhibit "A."

13. The state court, on September 2, 2020, set the Motion to Dismiss for hearing on October 8, 2020. A copy of the Notice of Hearing is attached as Exhibit "B."

14. Dominguez's Motion to Dismiss was granted without prejudice and gave Cascade thirty (30) days to amend its Complaint. A copy of the order is attached as Exhibit "C."

15. Notwithstanding that a response to the state court case was filed and set for hearing and the state court granted the Motion to Dismiss, Cascade filed a Motion for Clerk's

Default. A copy of the Motion for Clerk's Default and proposed default is attached as Exhibit "D."

16. The Motion for Clerk's Default falsely stated that Dominguez had failed to file or serve any paper as required by law. *See* Exhibit "D."

17. Cascade did not serve the Motion for Clerk's Default on Dominguez or his state court counsel. In order for Cascade to avoid serving Dominguez's state court counsel, Cascade would have had to specifically and intentionally deselect the attorney from the service list.

18. The Motion for Clerk's Default was filed twelve (12) days after the state court dismissed Cascade's Complaint. *See* Exhibits "C" and "D."

19. The current procedural posture of the state court action is dismissal.

20. Dominguez was distressed and suffered mental anguish and pain and suffering at learning that a Motion for Clerk's Default which stated that he had not filed or served any papers in the state court action.

21. Cascade's actions caused Dominguez to believe that his state court legal counsel, whom he had paid to represent him, was derelict in his duties.

22. Cascade also submitted a proposed default which falsely stated that Dominguez had failed to file or serve any paper as required by law. *See* Exhibit "D."

23. Plaintiff believes that Defendant filed the Motion for Clerk's Default as a ploy to cause Plaintiff undue stress and thereby coerce Plaintiff into satisfying a disputed debt.

### COUNT I – FALSE STATEMENT TO A TRIBUNAL

24. Plaintiff incorporates Paragraphs 1 through 23.

25. Defendant falsely stated that Dominguez failed to file or serve any paper as required by law when he had clearly done so months before.

26. Defendant made the representation in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

27. Plaintiff incorporates Paragraphs 1 through 23.

28. Defendant alleged that Dominguez owed a debt that, at the time of the filing of the Motion for Clerk's Default, that was not owed in violation of 15 U.S.C. §1692e(2)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                                Debt Shield Law
Attorney for Plaintiff
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:    305-776-1805
service@debtshieldlaw.com
joel@debtshieldlaw.com


 */s/ Joel D. Lucoff*
Joel D. Lucoff
Fla. Bar No. 192163